UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STERLING EVANS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:16-CV-1862 CEJ |
|  | ) |  |
| TOM VILLMER, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $11.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Also, for the reasons discussed below, this action will be dismissed under 28 U.S.C. § 1915(e).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action against several officials with the Missouri Department of Corrections. Plaintiff was convicted of sex offenses and is serving a term of imprisonment. To be eligible for conditional release, Missouri inmates convicted of sex offenses must complete the Missouri Sexual Offender Program (MOSOP). There are two phases to the program, and inmates must complete both phases.

Plaintiff completed Phase I of the program and started Phase II. While he was participating in Phase II, he was given a conduct violation for forcible sexual misconduct. Plaintiff admitted to the correctional officer that he engaged in "horseplay" and "buttock grabbing" with another inmate. On June 5, 2014, a classification hearing was held, and the hearing officer found plaintiff guilty. She ordered that he serve thirty days in disciplinary segregation. Plaintiff believes he should have been found guilty of a lesser violation.

The named defendants refused plaintiff's "second chance" application to MOSOP because of the violation. Plaintiff says that his due process rights were violated because he was not allowed to present evidence during the classification hearing. He also claims his right to equal protection was violated because other inmates were allowed second chances at MOSOP.

Plaintiff's inability to participate in MOSOP has adversely affected his conditional release date.

## Discussion

Missouri inmates do not have a liberty interest in parole or participation in MOSOP. *See Jones v. Moore*, 996 F.2d 943, 945 (8th Cir. 1993). Therefore, defendants did not violate plaintiff's right to due process by denying him reentry to MOSOP.

Moreover, for the due process clause to be implicated, an inmate subjected to segregation must have been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest. *Id.* at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation). Plaintiff's allegation that he was denied due process during the classification hearing fails to state a claim for relief.

Finally, a plaintiff must "allege and prove something more than different treatment by government officials" to state an equal protection claim. *Batra v. Bd. of Regents of Univ. of Nebraska*, 79 F.3d 717, 721 (8th Cir. 1996). "[T]he key requirement is that plaintiff allege and prove unlawful, purposeful discrimination." *Id.* at 722; *see Albright v. Oliver*, 975 F.2d 343, 348 (7th Cir.1992) ("you must be singled out because of your membership in the class, and not just be the random victim of governmental incompetence"), *aff'd on other grounds*, 510 U.S. 266 (1994); *Booher v. United States Postal Serv.*, 843 F.2d 943, 944 (6th Cir.1988) ("[t]he equal protection concept does not duplicate common law tort liability by conflating all persons not injured into a preferred class"); *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986) ("[t]he equal protection argument fails here because the wrong is not alleged to be directed toward an

individual as a member of a class or group singled out for discriminatory treatment"). Plaintiff does not allege that he was discriminated against because of his membership in a class. Therefore, his equal protection claim fails as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $11 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

An Order of Dismissal will be filed separately.

Dated this 15th day of December, 2016.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).